IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
SOUTHERN DIVISION

| | |
|---|---|
| CARL F CARSON, ) | 3:10-cv- 184 RLY-WGH |
| Plaintiff pro se', ) | |
| V. ) | Case No.: |
| CAPITAL ONE BANK (USA) N.A., ) | |
| Defendant ) | TRIAL BY JURY DEMANDED |
| WELTMAN, WEINGBERG & REIS Co. ) | |
| ATLANTIC CREDIT & FINANCE, INC. ) | |
| CO-DEFENDANTS ) | |

PLAINTIFFS' SATEMENT OF CLAIM
STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, Carl F Carson.

At all times hereinafter mentioned, The Plaintiff was and still is a resident of Perry County, State of Indiana.
From here on Carl F Carson, will be known as The Plaintiff.

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement upon Which Relief Can Be Granted.

## Statement of Claim

1   The Defendant's are debt collectors, as such is governed by

2   the law under The Fair Debt Collection Practices Act 15 USC

3   Section §1601,et seq. The Defendants are also governed under

4   the law by The Fair Credit Reporting Act 15 USC Section §

5   1681, et seq. The State of Indiana abides by and adheres to

6   these laws. Thus establishing the jurisdiction of this

7   honorable court.

8   Specifically section 813 of the FDCPA and 618 of the FCRA.

9   The Plaintiff denies ever having any contractual agreement

10  for credit, loans or services relationship with the

11  Defendants.
12  Even if the Plaintiff did have such an agreement, which the
13  Plaintiff denies, the alleged debt is not in question here.
14  But the fact as to how it was or was not validated and
15  wrongful actions of the Defendants in an attempt to collect
16  and credit reporting of the alleged debt, violated the civil
17  rights of the Plaintiff and the law as outlined in the Debt
18  Collection Practices Act, 15 USC §1601,et seq. and the Fair
19  Credit Reporting Act 15 USC §1681, et seq.
20  On or about January 21, 2007 the Defendant contacted the
21  Plaintiff by U.S mail at the Plaintiffs home.
22  The Defendant identified themselves as CAPITAL ONE BANK from
23  UTAH and stated that the Plaintiff owed them $2,215.65.00 the
24  person identified himself as one T. Lee . The Plaintiff
25  asked this person to provide proof of this alleged debt and
26  Mr. Lee indicated that he had sent the Plaintiff that
27  information; the Plaintiff never had received any information
28  from this company prior to the date of this. The Defendant
29  never informed the Plaintiff of his rights under the DCPA.
30  "This is an attempt to collect a debt any information
31  obtained will be used for that purpose" The defendant
32  indicated "that he enclosed a copy of the customer agreement
33  and that the original application was not available and did
34  not have to because they had sent a letter with that
35  information on it". Plaintiff realleges the allegations set
36  forth in paragraphs 1 through 36 herinabove.

37  **Count I**

38  § 807. False or misleading representations [15 USC 1692e]

39  (11) The failure to disclose in the initial written

40  communication with the consumer and, in addition, if the

41  initial communication with the consumer is oral, in that

42  initial oral communication, that the debt collector is

43  attempting to collect a debt and that any information

44  obtained will be used for that purpose, and the failure to

45  disclose in subsequent communications that the communication

46  is from a debt collector, except that this paragraph shall

47  not apply to a formal pleading made in connection with a

48  legal action.

49  NOTE - The Omnibus Appropriation bill (13)which was signed

50  into law on Sept. 30th, 1996 included an amendment to the

51  Fair Debt Collection Practices Act. The amendment requires

52  the debt collector to give the mini-Miranda warning in the

53  initial communication but, in all subsequent communications

54  with the debtor, the debt collector must disclose that

55  ..."This communication is from a debt collector." This

56  amendment became effective December 31, 1996. Attorneys who

57  are involved either in the collection process or with

58  foreclosures and/or consumer bankruptcies must be alert to

59  their obligations under the Act. Once the first contact has

60  been made with a debtor, a written validation notice must be

61  sent to the debtor, on a one-time basis, within five days

62  (which must also contain the mini-Miranda warning).

63 Thereafter, all communications with a debtor, whether written
64 or oral, must contain the "mini-Miranda" warning. This
65 includes telephone conversations, correspondence, demand
66 letters, stipulations, notices, discovery, receipts of
67 payment and post-judgment remedies.
68 NOTE - in accordance with the recent amendment, § 807(11)
69 does not apply to formal legal pleadings made in connection
70 with a legal action. The Defendant did not comply with the
71 law when contacting the Plaintiff by failing to inform the
72 Plaintiff of his rights.
73 Plaintiff demands judgment for $1000.00
74 Plaintiff re-alleges the allegations set forth in paragraphs
75 37 through 75 hereinabove.
76 **Count II**
77 On or about February 8, 2007 the Defendants again contacted
78 the Plaintiff by U.S. mail at his home and again failed to
79 advise the Plaintiff of his civil rights under the law by not
80 invoking the consumer warning "this is an attempt to collect
81 a debt and any information will be used for that purpose"
82 § 807. False or misleading representations [15 USC 1692e]
83 (11) The failure to disclose in the initial written
84 communication with the consumer and, in addition, if the
85 initial communication with the consumer is oral, in that
86 initial oral communication, that the debt collector is
87 attempting to collect a debt and that any information
88 obtained will be used for that purpose, and the failure to

89  disclose in subsequent communications that the communication
90  is from a debt collector, except that this paragraph shall
91  not apply to a formal pleading made in connection with a
92  legal action.
93  NOTE - The Omnibus Appropriation bill (13)which was signed
94  into law on Sept. 30th, 1996 included an amendment to the
95  Fair Debt Collection Practices Act. The amendment requires
96  the debt collector to give the mini-Miranda warning in the
97  initial communication but, in all subsequent communications
98  with the debtor, the debt collector must disclose that
99  ..."This communication is from a debt collector."
100 This amendment became effective December 31, 1996. Attorneys
101 who are involved either in the collection process or with
102 foreclosures and/or consumer bankruptcies must be alert to
103 their obligations under the Act. Once the first contact has
104 been made with a debtor, a written validation notice must be
105 sent to the debtor, on a one-time basis, within five days
106 (which must also contain the mini-Miranda warning).
107  Thereafter, all communications with a debtor, whether
108  written or oral, must contain the "mini-Miranda" warning.
109  This includes telephone conversations, correspondence,
110  demand letters,
111  stipulations, notices, discovery, receipts of payment and
112  post-judgment remedies.
113 NOTE - in accordance with the recent amendment, § 807(11)
114  does not apply to formal legal pleadings made in connection

115 with a legal action.

116 Plaintiff demands judgment for $1000.00

117 Plaintiff re-alleges the allegations set forth in paragraphs
118 76 through 118 hereinabove.

119 **Count III**

120 On or about March 23, 2007 the Defendant sent a letter by US
121 Mail to the Plaintiff saying they had completed my request,
122 again could not produce the original, but only a copy of a
123 application. Then Plaintiff by certified US Mail return
124 receipt request sent the Defendant again for documentation
125 and bureau reporting which received this on April 26th 2007.
126 (See attached receipt exhibit P1). On or about May 6th 2007
127 the Defendant again contacted the Plaintiff by US Mail at
128 his home and again failed to advise the Plaintiff of his
129 civil rights under the law by not invoking the consumer
130 warning "this is an attempt to collect a debt and any
131 information will be used for that purpose"

132 § 807. False or misleading representations

133 [15 USC 1692e] (11)

134 The failure to disclose in the initial written communication
135 with the consumer and, in addition, if the initial
136 communication with the consumer is oral, in that initial
137 oral communication, that the debt collector is attempting to
138 collect a debt and that any information obtained will be
139 used for that purpose, and the failure to disclose in
140 subsequent communications that the communication is from a

141  debt collector, except that this paragraph shall not apply
142  to a formal pleading made in connection with a legal action.
143  NOTE - The Omnibus Appropriation bill (13)which was signed
144  into law on Sept. 30th, 1996 included an amendment to the
145  Fair Debt Collection Practices Act. The amendment requires
146  the debt collector to give the mini-Miranda warning in the
147  initial communication but, in all subsequent communications
148  with the debtor, the debt collector must disclose that
149  ..."This communication is from a debt collector." This
150  amendment became effective December 31, 1996. Attorneys who
151  are involved either in the collection process or with
152  foreclosures and/or consumer bankruptcies must be alert to
153  their obligations under the Act. Once the first contact has
154  been made with a debtor, a written validation notice must be
155  sent to the debtor, on a one-time basis, within five days
156  (which must also contain the mini-Miranda warning).
157  Thereafter, all communications with a debtor, whether
158  written or oral, must contain the "mini-Miranda" warning.
159  This includes telephone conversations, correspondence,
160  demand letters, stipulations, notices, discovery, receipts
161  of payment and post-judgment remedies.
162  NOTE - in accordance with the recent amendment, § 807(11)
163  does not apply to formal legal pleadings made in connection
164  with a legal action.
165  Plaintiff demands judgment for $1000.00
166  Plaintiff re-alleges the allegations set forth in paragraphs

167  119 through 167 hereinabove.

168  **Count IV**

169  The Defendant also violated the limited cease and desists

170  sent to them and received on April 26th 2007 by contacting

171  all the credit bureaus and advising that the account was

172  past due. § 805. Communication in connection with debt

173  collection [15 USC 1692c]

174  (a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the

175  prior consent of the consumer given directly to the debt

176  collector or the express permission of a court of competent

177  jurisdiction, a debt collector may not communicate with a

178  consumer in connection with the collection of any debt --

179  CEASING COMMUNICATION. If a consumer notifies a debt

180  collector in writing that the consumer refuses to pay a debt

181  or that the consumer wishes the debt collector to cease

182  further communication with the consumer, the debt collector

183  shall not communicate further with the consumer with respect

184  to such debt, except -- to advise the consumer that the debt

185  collector's further efforts are being terminated; to notify

186  the consumer that the debt collector or creditor may invoke

187  specified remedies which are ordinarily invoked by such debt

188  collector or creditor; or where applicable, to notify the

189  consumer that the debt collector or creditor intends to

190  invoke a specified remedy. If such notice from the consumer

191  is made by mail, notification shall be complete upon

192  receipt.

193  Plaintiff demands judgment for $1000.00  Plaintiff
194  re-alleges the allegations set forth in paragraphs 168
195  through 195 hereinabove.
196  **Count V**
197  The Defendant also violated Section 809. Validation of debts
198  [15 USC 1692g] of the DCPA by not providing proof of the
199  alleged debt as requested by the Plaintiffs letter of April
200  26 by continuous collection activity prior to validation of
201  the debt.
202  If the consumer notifies the debt collector in writing
203  within the thirty-day period described in subsection (a)
204  that the debt, or any portion thereof, is disputed, or that
205  the consumer requests the name and address of the original
206  creditor, the debt collector shall cease collection of the
207  debt, or any disputed portion thereof, until the debt
208  collector obtains verification of thedebt or any copy of a
209  judgment, or the name and address of the original creditor,
210  and a copy of such verification or judgment, or name and
211  address of the original creditor, is mailed to the consumer
212  by the debt collector.
213  Plaintiff demands judgment for $1000.00
214  Plaintiff re-alleges the allegations set forth in
215  paragraphs 196 through 215 hereinabove.

217 **Count VI**

218 Overshadowing the document sent to the Plaintiff stated to

219 "review and remit balance in full to the above addrress

220 which overshadows the consumer warning on the document 1996

221 U.S. Dist. LEXIS 22555, DEBRA TYCHEWICZ, Plaintiff, v.

222 RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-

223 C-0195-S UNITED STATES DISTRICT COURT FOR THE WESTERN

224 DISTRICT OF WISCONSIN

225 Plaintiff demands judgment for $1000.00

226 Plaintiff re-alleges the allegations set forth in

227 paragraphs 217 through 227 hereinabove.

228 **Count VIII**

229 § 604. Permissible purposes of consumer reports

230 [15 U.S.C. § 1681b]

232 (2) In accordance with the written instructions of the

232 consumer to whom it relates

233 No permissible purpose to pull the report. On or about

234 May 6th the Defendant preformed an inquiry into the

235 Plaintiffs all three credit reports. The alleged contract is

236 outside the SOL and the Defendant has not provided

237 acceptable proof of any alleged debt subsequently violating

238 the following in the FCRA, There was no authorization by the

239 Plaintiff to pull the report.

240 Plaintiff demands judgment for $1000.00

241 Plaintiff re-alleges the allegations set forth in

242  paragraphs 228 through 242 hereinabove.
243  WHEREFORE, the defendant has violated the Fair Credit
244  Reporting Act and the Fair Debt Collection Practices Act.
245  Plaintiff demands judgment in the amount of $7,000.00, plus
246  all costs of this action along with punitive damages in the
247  amount of $150,000.00.
248  Complaint/Statement of Claim against The Creditor
249  Two preceding accounts held by the Creditor were then sold
250  to Debt Collection Collectors from Capital One Bank (USA)N.A
251  Creditor to ATLANTIC CREDIT & FINANCE INC. and WELTMAN,
252  WEINBERG & REIS CO. L.P.A. as Co-Defendants under 1 thru 10.
253  The Law of Agency applies in this matter. The Plaintiff had
254  contacted the Defendant The Creditor on or about April 2006
255  in reference to erroneous and inaccurate reporting in the
256  Plaintiffs Credit Report this is covered under the FCRA. The
257  Fair Credit Reporting Act 15 USC Section §1681, et seq
258  Plaintiff re-alleges the allegations set forth in
259  paragraphs 243 through 259 hereinabove.
260  **PLAINTIFFS' SATEMENT OF CLAIM**
261  COMES NOW the Plaintiff, Carl F Carson.
262  Plaintiff respectfully submits Plaintiffs Statement of
263  Claim. The Defendant THE CREDITOR CAPITAL ONE BANK (USA)
264  N.A. is a credit lender and as such governed under the law
265  by The Fair Credit Reporting Act 15 USC §1681, et seq. and
266  also reports these accounts to the national credit reporting
267  agencies i.e. TransUnion, Equifax, Experian and Involves all

268  national credit reporting agencies.
269  The State of Indiana abides by and adheres to these laws.
270  Thus establishing the jurisdiction of this honorable court.
271  Specifically the Fair Credit Reporting Act § 618 15 USC
272  § 1681p, et seq. The Plaintiff denies ever having any
273  contractual agreement for credit, loans or services
274  relationship with the Defendant. Even if the Plaintiff did
275  have such an agreement, which the Plaintiff denies, the
276  alleged account is not in question here. But the fact as to
277  how it was or was not verified and wrongful actions of the
278  Defendant in inserting erroneous and inaccurate information
279  and failure to indicate the account is in dispute and later
280  charged off in the Plaintiffs credit reports, violated the
281  civil rights of the Plaintiff and the law as outlined in The
282  Fair Credit Reporting Act 15 USC §1681, et seq. The
283  Plaintiff requested a copy of his Credit Report from
284  Experian/Equifax on June 2009 and again in December 2010.
285  The Plaintiff was alerted to this through his credit report
286  service. Upon inspection of the said report the Plaintiff
287  observed that THE CREDITOR was listed on the Plaintiffs
288  Tramsunion and Equifax credit report. Indicating a
289  debt/account due to THE CREDITOR FKA with the quote (charged
290  off account) inserted in the trade line. THE CREDITOR has
291  never contacted the Plaintiff at any time prior to today's
292  date with any allegations of any alleged debt/account. The
293  Plaintiff has not now or ever had any business affiliation

294  or relationship with THE CREDITOR has never applied for any
295  type of mortgage, or insurance or employment reasons with
296  the Defendant. The Plaintiff contacted the Defendant by U.S.
297  Postal Service Certified Mail Return Receipt on May 10, 2007
298  which the Defendant received on May 10th 2007 asking for
299  proof of this alleged account. The Plaintiff had contacted
300  the Defendant by US mail on several other occasions after
301  this and had never received an answer from the Defendant and
302  has attempted to have an explanation from the Defendant
304  without any response for over two years. After not receiving
303  any answer from the Defendant, the Plaintiff contacted the
304  Defendant on January 25th 2010 with a final notice of
305  Pending Lawsuit in an attempt to settle this situation
306  amicably to try and get a response from the Defendant
307  prior to filing this complaint. The Defendant received this
308  letter on or by January 29th 2010 via certified US Mail. The
309  Defendant has never responded to the Plaintiff. The
310  Plaintiff has tried every way possible to resolve these
311  issues but has never received an answer from THE CREDITOR
312  forcing the Plaintiff to this court action in order for the
313  court to intervene in this matter. The derogatory erroneous
314  and inaccurate information still remains on the Plaintiff's
315  Credit report to date.
316  The Plaintiff has requested confirmation/disputed this
317  alleged account with Experian and Equifax and Transunion on
318  several occasions and Experian, Equifax and Transunion have

319  confirmed that they are reporting it correctly as advised to
320  Experian, Equifax and Transunion by THE CREDITOR. The
321  Defendant must also inform notice of dispute to the Major
322  Credit Reporting agencies that the alleged debt is in
323  dispute, which the Defendant has not done. The Defendant has
324  continued reporting erroneous and inaccurate information by
325  updating the Plaintiffs credit report for more then two
326  years even after informing the Defendant of this and asking
327  for proof of any account and has done so to-
328  date. The Defendant is in violation the Fair Credit
329  Reporting Act [15 U.S.C. § 1681s-2], et seq. As follows:
330  A. Failure to inform the National Credit Reporting Agencies
331  that the alleged account is in dispute and/or charged off
332  failing to do so for over two years.
333  B. Continually updating the Plaintiff's credit report for
334  over two years with this erroneous and inaccurate
335  information for over two years.
336  Plaintiff re-alleges the allegations set forth in
337  paragraphs 260 through 337 hereinabove.
338  VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
339  According to the Fair Credit Reporting Act, section 623.
340  Responsibilities of furnishers of information to
341  consumer reporting agencies [15 U.S.C. § 1681s
342  (a) Duty of furnishers of information to provide accurate
343  information.
344  (1) Prohibition.

345  (A) Reporting information with actual knowledge of errors.
346  A person shall not furnish any information
347  relating to a consumer to any consumer-reporting agency if
348  the person knows or consciously avoids knowing that the
349  information is inaccurate.
350  (B) Reporting information after notice and confirmation of
351  errors. A person shall not furnish information relating to a
352  consumer to any consumer-reporting agency if (i) the person
353  has been notified by the consumer, at the address specified
354  by the person for such notices, that specific information is
355  inaccurate; and (ii) the information is, in fact,
356  inaccurate.
357  (2) Duty to correct and update information. A person who
358  (A) regularly and in the ordinary course of business
359  furnishes information to one or more consumer reporting
360  agencies about the person's transactions or experiences with
361  any consumer; and
362  (B) has furnished to a consumer reporting agency information
363  that the person determines is not complete or accurate,
364  shall promptly notify the consumer reporting agency of that
365  determination and provide to the agency any corrections to
366  that information, or any additional information, that is
367  necessary to make the information provided by the person to
368  the agency complete and accurate, and shall not thereafter
369  furnish to the agency any of the information that remains
370  not complete or accurate.

371  (3) Duty to provide notice of dispute. If the completeness
372  or accuracy of any information furnished by any person to
373  any consumer reporting agency is disputed to such person by
374  a consumer, the person may not furnish the information to
375  any consumer reporting agency without notice that such
376  information is disputed by the consumer.
377  (b) Duties of furnishers of information upon notice of
378  dispute.
379  (1) In general. After receiving notice pursuant to section
380  611(a)(2) [§ 1681i] of a dispute with regard to the
381  completeness or accuracy of any information provided by a
382  person to a consumer reporting agency, the person shall
383  (A) conduct an investigation with respect to the disputed
384  information;
385  (B) review all relevant information provided by the consumer
386  reporting agency pursuant to section 611(a)(2) [§ 1681i];
387  (C) report the results of the investigation to the consumer
388  reporting agency; and (D) if the investigation finds that
389  the information is incomplete or inaccurate, report those
390  results to all other consumer reporting agencies to which
391  the person furnished the information and that compile and
392  maintain files on consumers on a nationwide basis.
393  (2) Deadline. A person shall complete all investigations,
394  reviews, and reports required under paragraph (1) regarding
395  information provided by the person to a consumer reporting
396  agency, before the expiration of the period under section

397  611(a)(1) [§ 1681i] within which the consumer reporting
398  agency is required to complete actions required by that
399  section regarding that information.
400  The information from THE CREDITOR Services on the
401  Experian/Equifax/Transunion credit report of Plaintiff does
402  not reflect that the information is disputed by the
403  consumer. According to the Fair Credit Reporting Act, 616.
404  Civil liability for willful noncompliance
405  [15 U.S.C. § 1681n], (a) In general. Any person who
406  willfully fails to comply with any requirement imposed under
407  this title with respect to any consumer is liable to that
408  consumer in an amount equal to the sum of:
409  (1) (A) any actual damages sustained by the consumer as a
410  result of the failure or damages of not less than $100 and
411  not more than $1,000, (2) such amount of punitive damages as
412  the court may allow; and (3) in the case of any successful
413  action to enforce any liability under this section, the
414  costs of the action together with reasonable attorney's fees
415  as determined by the court.  Plaintiff re-alleges the
416  allegations set forth in paragraphs 348 through 418
418  hereinabove.
419  Plaintiff demands Judgment in the amount of $24,000.00 for
420  each month the Defendant violated the act by updating the
421  Plaintiffs credit reports with inaccurate and erroneous
423  information.
424  VIOLATION OF THE FAIR CREDIT REPORTING ACT

425  According to the Fair Credit Reporting Act, section 623.
426  Responsibilities of furnishers of information to
427  consumer reporting agencies [15 U.S.C. § 1681s-2]:
428  (a) Duty of furnishers of information to provide accurate
429  information.
430  Plaintiff has had a lower negative credit score as of this
431  date and has been denied credit and at reasonable rates
432  because of the Defendant's actions, and have damaged the
433  Plaintiffs Credit Report Score and have committed
434  Defamation of Character, PerSe' against the Plaintiff.
435  **WHEREFORE**, the defendents have violated the Fair Credit
436  Reporting Act and the Debt Colection Practices Act,
437  Plaintiff demands judgement in the amount of $48,000.00,
438  plus all costs of this action along with punitive damages
439  in the amount of $150,000.00 or as the court may allow
440  with Private Attorney General fees of $3,000.00 as
441  prescribed by law Graziano v. Harrison, 950 F.2nd 107,
442  113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3), (see
443  Zagorski v. Midwest Billing Services, Inc., F.3d - (1997)
444  WL 695401, 7th Cir.) or 128 F.3d 1164 (7th Cir., 1997).
445  Plaintiff re-alleges the allegations set forth in
446  paragraphs 419 through 446 hereinabove.
447  The Plaintiff has tried every way possible to resolve
448  these issues amicably but has not been replied to or
449  ignored in these matters thus leaving the Plaintiff no
450  alternative but to seek relief through this Honorable Court.

**Statement Upon Which Relief Can Be Granted**

1. A settlement agreement between the Plaintiff and the Defendent that the Defendant's shall remove any derogatory information and inquires from all four major credit-reporting agencies: Trans Union, Equifax, Experian and Innovis and any other known credit reporting agencies Capital One Bank (USA) N.A. has used now or may use in the future.

2. Defendant's must also provide a letter and or Universal Data Form indicating that they have done this and send same to the Plaintiff.

3. The Defendant's will be barred now or in the future from selling or transferring of the allgeged debt to any other collection agency or attorney or entity and also barred now and in the future from re-entering this information into the Plaintiffs credit reports.

4. The Defendant's must cease and desist any further collection activities against the Plaintiff and the Defendant may not See or Transfer the alleged account to any other Collection Agency or Attorney or entity now or in the future, and release all judgments.

5. Payment of $48,000.00 for their violations.

6. Private Attorney General fees must be paid to the Plaintiff.

7. Damages as allowed by the Court.

Respectfully submitted this 28 day of December 2010.

_Carl F. Carson_
Carl F. Carso, Plaintiff
c/o 701 31st Street
Tell City, Indiana  47586
812-608-0176
kingosabee@aol.com

**CERIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing complaint-summons Carl F. Carson vs. CAPITAL ONE BANK (USA)N. A., 1500 CAPITOL ONE DRIVE, RICHMOND, VA. 23238, and Weltman, Weingberg & Reis Co., L.P.A. 525 Vine Street - Suite 800, Cincinnati, Ohio 45202 & Atlantic Credit & FinanceInc., 2727 Franklin Road, Roanoke, VA 24104. Defendant's was mailed by U.S.Postal Service Certified Mail Return Receipt to follow to be submitted to the Clerk of the Court.